# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| v. | ) Magistrate Case No. 18-62 (RMM) |
| AMINA WASHINGTON-BEY, | ) |
| Defendant. | ) |

## **DETENTION MEMORANDUM**

This matter comes before the Court on a motion by the United States requesting that Defendant Amina Washington-Bey ("Mr. Washington-Bey") be detained pending trial. Mr. Washington-Bey has been charged by Information with one count of Entering or Remaining in Restricted Building or Grounds, in violation of 18 U.S.C § 1752(a)(1), and one count of Unlawful Entry (Public Property), in violation of D.C. Code § 22-3302(b). The United States requested a detention hearing pursuant to 18 U.S.C. § 3141.[1] The undersigned held a detention hearing on January 8, 2019 and concluded that Mr. Washington-Bey should be held without bond pending trial. This memorandum fulfills the Bail Reform Act's requirement that a pretrial detention order "include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1); *see also United States v. Nwokoro*, 651 F.3d 108, 109 (D.C. Cir. 2011).

---

[1] Based on the representations of the United States made in support of this detention request, it appears that counsel for the United States sought detention pursuant to 18 U.S.C. § 3142(f)(2). Government counsel asserted that no conditions of release existed that would be sufficient to protect the community or to ensure Mr. Washington-Bey's return to court.

**Statutory Basis for Detention Hearing**

Although the United States cited 18 U.S.C. § 3141 of the Bail Reform Act to support its request that a hearing be held on pretrial detention, the United States appears to have intended to seek detention pursuant to 18 U.S.C. § 3142(f)(2). *See supra* n.1. Mr. Washington-Bey did not dispute the United States' contention that the statutory provision authorized the Court to hold a detention hearing in this matter, but Mr. Washington-Bey disputed a hold based on dangerousness in this matter. Counsel for Mr. Washington-Bey noted that they understood the United States to be requesting a hold based on flight risk due to Mr. Washington-Bey's prior record but asserted that no justification existed for a hold based on safety reasons. The undersigned found that the United States had articulated a statutory basis for a detention hearing in this matter, and therefore scheduled a detention hearing.

**Findings of Fact**

At the detention hearing, the United States proceeded by proffer. Having considered the information in the record, including the statement of facts supporting the initial criminal Complaint, the United States' proffer, and the information provided by the Pretrial Services Agency, the Court makes the following findings of fact.

On the evening of June 22, 2018, at approximately 10:22 p.m., an individual later identified as Mr. Washington-Bey, entered the grounds of the White House complex in the 1600 block of Pennsylvania Avenue, N.W., Washington, DC. U.S. Secret Service Sergeant John Hilliard was on patrol when he was approached by civilians who stated that they had witnessed an individual jump the fence to the White House complex. Upon responding to the area, Sergeant Hilliard witnessed Mr. Washington-Bey sitting on the fence in a restricted area of the northeast courtyard of the Eisenhower Executive Office Building ("EEOB") — part of the White

House complex.  Sergeant Hilliard grabbed Mr. Washington-Bey from over the secured fence of the EEOB and handcuffed him.  Additional officers responded to the scene and ordered Mr. Washington-Bey to exit the ledge.  Mr. Washington-Bey was taken into custody and escorted from the restricted area.

After being taken into custody, Mr. Washington-Bey was placed into the back of a transport vehicle where he agreed to answer questions from U.S. Secret Service agents seeking protective related intelligence.  During this interview, Mr. Washington-Bey conveyed that he had jumped the fence because he wanted to get his political point across; he did not inform the agents what that political point was.

## Legal Standard

"In our society, liberty is the norm and detention prior to trial or without trial is the carefully limited exception."  *United States v. Salerno*, 481 U.S. 739, 755 (1987).  The Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*, articulates the circumstances that trigger that exception.  Specifically, it authorizes a judicial officer to order the detention of a defendant before trial if the judicial officer determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e).

A finding that a defendant poses a danger to the community, or that there is a serious risk that the defendant will flee, provides an adequate basis to order pretrial detention.  *See Salerno*, 481 U.S. at 755; *United States v. Lee*, 195 F. Supp. 3d 120, 124 (D.D.C. 2016); *United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996).  A detention decision based upon the defendant's dangerousness to the community must be supported by "clear and convincing evidence." 18 U.S.C. § 3142(f); *see United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996).  In

contrast, a detention decision based upon a finding that no set of conditions will reasonably assure the defendant's appearance in court "need only be supported by a 'preponderance of the evidence.'" *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987) (quoting *United States v. Vortis*, 785 F.2d 327, 329 (D.C. Cir. 1986)); *see United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005).

The Bail Reform Act directs judges to consider four factors in determining whether any conditions of release will reasonably assure a defendant's future presence in court or assure the safety of any other person and the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *Xulam*, 84 F.3d at 442. The court must consider the available information pertaining to all four factors, even if the parties' arguments do not address each factor. *See* 18 U.S.C. § 3142(g); *United States v. Hassanshahi*, 989 F. Supp. 2d 110, 117 (D.D.C. 2013).

When there is probable cause to believe that a defendant committed certain offenses, a rebuttable presumption applies "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(B). Once this rebuttable presumption has been triggered, "the presumption operate[s] *at a minimum* to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985) (emphasis in original). Furthermore, "even if the defendant offers evidence to counter the presumption, the presumption does not disappear entirely." *United States v. Hunt*, 240 F. Supp. 3d 128, 132 (D.D.C. 2017). Instead, the "presumption is

incorporated into the other factors . . . in determining whether to grant a conditional release and is given substantial weight." *United States v. Cherry*, 221 F. Supp. 3d 26, 32 (D.D.C. 2016) (quoting *United States v. Ali*, 793 F. Supp. 2d 386, 391 (D.D.C. 2011)); *see also United States v. Hite*, 76 F. Supp. 3d 33 (D.D.C. 2014) (detaining the defendant even though the defendant had presented enough evidence to rebut a presumption of detention).

## Discussion

The United States sought detention based on Mr. Washington-Bey's alleged dangerousness and risk of flight. The Court ordered Mr. Washington-Bey's detention based on risk of flight, and therefore did not evaluate Mr. Washington-Bey's dangerousness or whether he should be detained on that basis. Accordingly, this Detention Memorandum addresses only Mr. Washington-Bey's detention based on flight risk. *See* 18 U.S.C. § 3142(i)(1) (requiring that a detention order "include written findings of fact and a written statement of the reasons for the detention."). After weighing the statutory factors, the Court concludes that there are no release conditions that would reasonably assure Mr. Washington-Bey's appearance at court. Therefore pretrial detention is appropriate.

The first factor, which considers the nature and circumstances of the offense, indicates that a substantial risk exists that Mr. Washington-Bey will fail to appear at future proceedings. The undersigned considered that the offense constitutes a misdemeanor that involves entering a restricted area of the White House. Mr. Washington-Bey has a history of entering the White House restricted area on multiple prior occasions, and he returned to that area despite prior orders precluding him from entering that area. This reflects a disregard for certain laws and rules, and therefore the nature and circumstances of the offense weigh in favor of pretrial detention.

The second factor, the weight of the evidence, is neutral.  Although the Government proffered strong evidence — witnesses told a Secret Service Sergeant that they had seen someone jump over the White House fence, and that upon responding to the area the Sergeant observed Mr. Washington-Bey sitting on the fence and took him into custody — the strength of the evidence does not speak to Mr. Washington-Bey's flight risk.  Accordingly, this factor neither favors nor weighs against detention.

The third factor, which considers a defendant's history and characteristics, is the most significant factor here, and favors detention.  Mr. Washington-Bey is a recidivist with several prior convictions, including two convictions that involve unlawful entry (from 2015); one that involves contempt of court for violating conditions of release and which resulted in revocation of probation (from 2016); and two convictions for prison breach (from 2015 and 2017).  In addition, Mr. Washington-Bey was on supervised release at the time of the alleged offense in this matter.  Many, if not all, of Mr. Washington-Bey's prior convictions led to periods of incarceration consistent with misdemeanor offenses.  However, Mr. Washington-Bey's prior convictions convey a troubling pattern of not complying with court orders; that is a characteristic which the Court considers in determining whether Mr. Washington-Bey would appear in court if released to the community.  The Court also has considered Defense counsel's representation that Mr. Washington-Bey's prior convictions may be connected to Mr. Washington-Bey's mental illness, and that they could be addressed through his current treatment.  However, on balance, this consideration does not overcome the troubling degree of demonstrated recidivism.  Accordingly, this factor favors pretrial detention.

Finally, the fourth factor, which considers the nature and seriousness of any danger to the community, does not favor detention. There has been no indication that Mr. Washington-Bey currently poses a danger to the community. Accordingly, this factor favors release.

The Court also has considered Mr. Washington-Bey's contention that any risk of flight would be mitigated by the plan presented by Defendant, which included connecting Mr. Washington-Bey with Community Connections for continued mental health treatment and for assistance in identifying a homeless shelter until Mr. Washington-Bey finds more permanent housing, in addition to GPS location monitoring. If Defense counsel were able to find a potential residence for Mr. Washington-Bey, or if the Court were to receive information that a halfway house had a bed that was immediately available, the Court would give strong consideration to those options. However, in the absence of available alternatives and based on the information available to the Court, neither the Defendant's plan nor any other release conditions would adequately ensure Mr. Washington-Bey's appearance in court. In sum, the relevant factors persuade the Court that there is a risk of flight that cannot adequately be mitigated by release conditions.

## Conclusion

For the foregoing reasons the Court finds that the United States has met its burden in showing, by a preponderance of the evidence, that pretrial detention is warranted because Mr. Washington-Bey presents a risk of flight. Having reviewed and weighed all of the evidence and the factors set forth in 18 U.S.C. § 3142(g), and considered all of the lesser restrictive alternatives to pretrial detention, this Court concludes that no condition nor combination of conditions would reasonably ensure Mr. Washington-Bey's appearance at court proceedings if he

were released. Therefore, the Court GRANTS the United States' motion for detention without bond.

Dated: February 19, 2019

                                          ROBIN M. MERIWEATHER
                                          UNITED STATES MAGISTRATE JUDGE